*257 The opinion of the Court was delivered by
Wardlaw, A. J.
McSweeny mortgaged a dwelling house to McKeegan, and afterwards demised the same to Laffan. Interest on the bond secured by the mortgage not having been paid, and the condition of the mortgage having been thereby unperformed, McKeegan gave notice of these facts to Laffan; demanded from him payment of the rent, in arrear and to become payable, and required him to attorn; Laffan attorned to McKeegan; McSweeny, by his bailiff, Kennedy, distrained; Laffan replevied, and became plaintiff in replevin; McSweeny, as avowant, and Kennedy, as cognizor, claimed rent under the demise above mentioned; Laffan, the plaintiff in replevin, filed a plea setting forth substantially the facts here stated; McSweeny and Kennedy demurred; the Circuit Judge sustained the demurrer, and Laffan appeals.
This Court assents to the propositions contained in the first ,two grounds of appeal, and concedes, first, that a tenant may show that the title under which he entered is determined, and second, that at common law a mortgagee is legal owner of the mortgaged land, entitled by conveyance from the mortgagor to the outstanding terms, to the reversion thereof, which was in the mortgagor at the date of the mortgage, with rent, in arrear or to become payable, incident thereto, and to all rent upon leases made by the mortgagor after the execution of the mortgage.
But the third ground of appeal brings up the effect of our Act of 1791 upon mortgages of land, and especially the meaning of the words “ when the mortgagor shall he out of possession" and the distinctions which have been founded thereon.
Is, in the sense of the Act of 1791, a mortgagor out of possession when tenant for a year is in occupation under a lease from him? If so, McKeegan, being out of the purview of the Act, stands as a mortgagee at common law, *258 entitled under bis notice to the tenant, to receive the rent, and the demurrer should have been overruled. If not, the demurrer was properly sustained.
The opinions which I held when I was a member of the Law Court of Appeals, and which the argument of this case has not changed, have been so fully set forth in the elaborate examination of this whole subject which I subjoined to the case of Mitchell vs. Bogan, that for them I will now content myself by referring to that case. My belief is that the perplexing words which have been made so much to impair the application and excellent provisions of the Act were really intended by the Legislature to exclude from the operation of the Act only cases where, before the Act was passed, the possessory right of the mortgagee had been exerted, by action, entry, or otherwise, so that the mortgagor was out of possession, actual or legal. But upon the supposition that the Act was not designed to embrace pre-existing mortgages, and that a prospective signification must be given to the words in question, I see that mortgagor includes every person claiming under the mortgagor, and mortgagee every person claiming under the mortgagee; that the Act makes by no other words provisions for the conjunction in the mortgagee of all the rights of both mortgagor and mortgagee, (an omission which was, for the removal of doubts, awkwardly, and, as I think, unnecessarily supplied by the amendatory Act of 1797, 5 Stat. 311,) and calling to mind the common law as to the mortgagor’s possession under his equity of redemption and the inefficacy of the statute of limitations in behalf of the mortgagee whilst that possession continued, I conclude that mortgagor out of possession can at most embrace only those cases where neither legal or actual possession is in the mortgagor or any other person deriving right from him. In the paraphrase which I ventured to make, (11 Bich. 722,) “ where mortgagor's right of posses *259 sion shall have ceased," must, under tbe requirements of the context be understood to mean where all right of possession in either the mortgagor or any person claiming under him shall have ceased.
Equity bad long before 1791 regarded a mortgage as a mere security of tbe mortgage debt, and bad treated the right of the mortgagor before foreclosure as an estate. It was wise to extend to the law courts these beneficent principles of equity, and I cannot persuade myself that a few words of doubtful import, contained in a proviso, were intended so as to mutilate the general provisions, and to increase distinctions, diversities, expense and delay in many instances, where in all symmetry, uniformity, cheapness and expedition were desirable. The Legislature knew that many large tracts of granted land in the interior were vacant, that is, in forest, and not actually occupied by anybody, and that many houses in Charleston were occupied by tenants under lease, and why mortgages of these tracts and these houses should not come within the improved system, I have never been able to comprehend.
It is not, however, my purpose to commit this Court to my own opinions. As the organ of the Court, I now go so far only as this case requires. The Court holds, that where there is a mortgage in fee, the mortgagor, whilst he retains the fee, is not deprived of the ownership of the land and rights incident thereto, by the temporary occupation of a tenant who holds under him. If the mere yielding of the mortgagor to a tenant of the occupation establishes the condition of “ mortgagor out of possession ” contemplated by the Act of 1791, the mortgagee instantly becomes owner, and therefore it is in the power of a mortgagor, by thus going out, to deprive the mortgagee of the easy and judicious remedy at law which the Act gives to 'him, where a judgment has intervened between his mortgage and his judgment on the mortgage debt. If, on the other *260 band, some entry or notice by tbe mortgagee must precede tbe transfer of tbe legal title to bim, it would be bard to say where tbe title was after tbe mortgagor was out of possession and before tbe mortgagee entered. Or wbat would be the result of the mortgagor’s again taking possession in his own person after the expiration of the lease, without entry or notice by the mortgagee; at any rate, the title would be in the mortgagor or mortgagee at the pleasure of the mortgagee. It may be imagined what confusion and risk would follow, if the title could be shifted according to circumstances depending upon oral testimony without any written document. In the case of Mathews vs. Preston, 6 Rich. Eq. 307, note: The defendant, John Preston, became subject to a decree for rents because he had not excepted and appealed at a proper time; but the opinion of Chancellor Durgan shows that the complainant was a second mortgagee, who could not have had the legal estate, and that the claim for an account of rents and profits depended upon the doctrine of equity; that the land, with all its produce, is a security for the mortgage debt, first of the first mortgagee, and if not required by him, of the second mortgagee. A full recognition of the meaning ascribed to mortgagor out of possession, in Durand vs. Isaacs, (4 McC. 54,) may be found in the very complicated case of Stoney et al. vs. Shultz et al. 1 Hill, Ch. 465, where the mortgagee’s legal ownership was extended to both cases of lease and cases of vacant possession; but when it is perceived that the executors of Williamson were at best only equitable assignees of Brook’s mortgage, and that an account was to be taken as well of rents received by them or of rents in arrear by the tenants who held under the mortgagor, it may be seen that all that was in this case decided concerning the rents might well have been brought under the principle which was plainly declared in the case of Mathews vs. Preston.
*261 In no other case to be found in our reports has it been held that a lease made by the mortgagor brought him under the words mortgagor out of possession and transferred the legal title with its incidents to the mortgagee.
It is the opinion of this Court that the plea of the plaintiff in replevin was insufficient in law, and that the demurrer to it was properly sustained.
Motion dismissed.
Dunkik, 0. J., and Glover, J., concurred.

Motion dismissed.